UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

              Plaintiff,

      v.                                                        23-CV-906-LJV

                                                         ORDER

OLIVETT PRODUCTS LLC,

              Defendant.

_____

The *pro se* plaintiff, David C. Lettieri, is a prisoner who was confined at the Northeast Ohio Correctional Center ("NEOCC") when he commenced this action. Docket Item 1.  He has filed a complaint against Olivett Products LLC ("Olivett") alleging negligence, breaches of the duty of care and of an implied contract, and violations of the New York State General Business Law related to a food product manufactured by Olivett, "WholeShabang Original."  *Id.*  Lettieri also alleges that at "all times relevant" to this action, he was confined at NEOCC.  *Id.* at 1.

Lettieri also has moved to proceed *in forma pauperis*, Docket Item 2, for service by the United States Marshals, Docket Item 3, and for an "[immediate] trial" in several pending actions unrelated to this case, Docket Item 4.[1]

_____

[1] Since November 2022, Lettieri has filed more than 50 civil actions and petitions in this Court.  The Court recently found that Lettieri "has engaged in a pattern of abuse of the judicial process" and cautioned Lettieri that if he continues to abuse the judicial process, he will be sanctioned.  *In re: David C. Lettieri*, Case No. 23-mc-32, Docket Item 1 (W.D.N.Y. Sept. 5, 2023).

Lettieri's motion for an "[immediate] trial" in his other cases, Docket Item 4, is wholly unrelated to the allegations in the complaint here and therefore is denied.

For the reasons that follow, this action is transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

It appears that all or a substantial part of the events giving rise to Lettieri's claims occurred at NEOCC, Docket Item 1, which is located in Youngstown, Ohio, and within the geographical confines of the Northern District of Ohio.  Moreover, the complaint alleges that the sole defendant, Olivett, is located in Bridgeton, Missouri.  *Id.* at 1.  So section 1391(b) does not provide a basis for venue in this district.

Further, a review of Lettieri's voluminous history of filing federal court complaints reveals that Lettieri filed two similar actions against a different food manufacturer, "Four in One"—one in this district and one in the Northern District of Ohio—asserting similar claims related to Four in One's mustard and ketchup products.  *See Lettieri v. Four in One*, Case No. 23-cv-898, Docket Item 1 (W.D.N.Y. Aug. 22, 2023); *Lettieri v. Four in*

2

*One*, Case No. 23-cv-1661, Docket Item 1 (N.D. Ohio Aug. 25, 2023).  This Court transferred the case filed in this district to the Northern District of Ohio under 28 U.S.C. § 1406(a) because venue was improper in the Western District of New York.  *Lettieri v. Four in One*, Case No. 23-cv-898, Docket Item 3 (W.D.N.Y. Oct. 11, 2023).

The Court therefore finds that venue is not proper in this district and transfers this action to the Northern District of Ohio under § 1406(a).[2]

## CONCLUSION

For the reasons stated above, this action is transferred to the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1406(a).  This Court has not screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and leaves that, as well as Lettieri's motion to proceed *in forma pauperis* and motion for service by the United States Marshals, to the Northern District of Ohio.  Lettieri's motion for an immediate trial in other matters before this Court, Docket Item 4, is denied.

The Clerk of the Court shall mail this order to Lettieri at both NEOCC and the Niagara County Jail.

---

[2] As it did in *Lettieri v. Four in One*, 23-cv-898, Docket Item 4 at 3 n.2, the Court notes that it "does not mean to suggest that the Northern District of Ohio has jurisdiction over the defendant or even that venue is best placed in that court."  "But venue clearly is not correct here, and given the above, this Court believes the best way to handle this matter is to transfer it to a court where venue appears to lie."  *Id.*

SO ORDERED.

Dated:   October 16, 2023
            Buffalo, New York


                                                    _/s/ Lawrence J. Vilardo_____
                                                    LAWRENCE J. VILARDO
                                                    UNITED STATES DISTRICT JUDGE